MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
DAVID W. MORESHEAD (State Bar No. 305362)
david.moreshead@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendant PLY GEM
PACIFIC WINDOWS CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLIAMS and LAJUAN DENNIS, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PLY GEM PACIFIC WINDOWS CORPORATION, a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:22-at-00017<br><br>**REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER THE CLASS ACTION FAIRNESS ACT**<br><br>**(28 U.S.C. §§ 1332, 1453, 1441(b), AND 1446)**<br><br>**(Removed from the Superior Court of the State Of California, County Of Sacramento, Case No. 34-2021-00309657-CU-OE-GDS)** |

48710939.1

-1-

REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER THE
CLASS ACTION FAIRNESS ACT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that PLY GEM PACIFIC WINDOWS CORPORATION ("PLY GEM PACIFIC WINDOWS") removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1453, 1441(b), and 1446. In support of this Notice of Removal, PLY GEM PACIFIC WINDOWS states as follows:

1. PLY GEM PACIFIC WINDOWS has been named as a defendant in a civil action brought in the Superior Court of the State of California for the County of Sacramento, entitled *Nathaniel Williams, et al. v. Ply Gem Pacific Windows Corporation*, Case No. 34-2021-00309657-CU-OE-GDS.

2. This suit was filed as a putative class action on October 13, 2021, by two individuals: NATHANIEL WILLIAMS and LAJUAN DENNIS (collectively, "Plaintiffs").

3. On December 6, 2021, PLY GEM PACIFIC WINDOWS received via personal service the Summons, Complaint, Civil Case Cover Sheet, Notice and Order of Complex Case Determination, Order re: Delay in Scheduling Initial Case Management Conference, Notice of Case Management Conference and Complex Case Management Procedures. A true and correct copy of the materials served on PLY GEM PACIFIC WINDOWS is attached as Exhibit A. This exhibit comprises copies of all process, pleadings, and orders served upon PLY GEM PACIFIC WINDOWS in the *Williams* suit. On January 4, 2022, PLY GEM PACIFIC WINDOWS filed its Answer to the Complaint in the Superior Court of the State of California for the County of Sacramento in which it reserved its right to remove this case to this Court, and in which it also denied all material allegations in the

Complaint. A true and correct copy of the Answer filed by PLY GEM PACIFIC WINDOWS is attached hereto as Exhibit B.

4.  As alleged in the Complaint, Plaintiffs worked as hourly employees for PLY GEM PACIFIC WINDOWS at its West Sacramento, California facility. Declaration of Shannon Anderson ("Anderson Decl.") ¶ 4. Plaintiffs allege generally that PLY GEM PACIFIC WINDOWS failed to provide Plaintiffs and all putative class members with (i) minimum wages due, (ii) overtime wages due, (iii) required meal and rest periods, (iv) reimbursement for business expenses, (v) accurate itemized wage statements, (vi) wages when due during employment and at termination, (vii) wages by instrument payable on demand without discount, and (viii) that PLY GEM PACIFIC WINDOWS, by way of this conduct, engaged in unfair business practices in violation of Business & Professions Code section 17200 *et seq. See, e.g.*, Compl. ¶¶ 9–27. On the basis of these allegations, Plaintiffs assert nine causes of action, which are described more fully below.

5.  Plaintiffs seek to represent and certify a class consisting of "all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees . . . at any time during the period beginning four (4) years prior to the filing of this Complaint." *Id.* ¶ 30.

6.  Plaintiffs also seek to represent and certify a sub-class for certain claims consisting of all members of the class "who are or previously were employed by DEFENDANT in California and classified as non-exempt employees . . . at any time during the period beginning three (3) years prior to the filing of this Complaint." *Id.* ¶ 40.

7.  Plaintiffs assert nine (9) causes of action for the alleged violations of the California labor laws described above and Business & Professions Code section 17200, on behalf of the putative class members. *Id.* ¶¶ 49–121 (Causes of Action 1–9). The Prayer for Relief seeks, among other things, a judgment certifying the proposed class and sub-class; an order enjoining the allegedly unlawful conduct;

restitutionary disgorgement; compensatory damages (including unpaid straight time and overtime wages); liquidated damages; statutory penalties for Defendant's alleged failure to provide accurate wage statements; unpaid premiums for failure to provide meal and rest periods (i.e., one hour of pay at each employee's regular rate of compensation for each workday that a meal or rest period was not provided); the amount of unreimbursed expenses allegedly due but unpaid; attorneys' fees, interest, costs and expenses. *See* Compl., Prayer for Relief ¶¶ 1–3. Plaintiffs also seek to recover statutory penalties for failure to pay wages due at termination and failure to pay wages by instrument payable on demand without discount. *Compl.* ¶¶ 118, 121.

8. Diversity jurisdiction exists under CAFA, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of 28 U.S.C.), because (a) this litigation is brought as a "class action," as that term is defined in CAFA, (b) the "minimal diversity" of citizenship required by CAFA is satisfied, (c) the amount in controversy exceeds $5 million in the aggregate, (d) there are at least 100 class members, (e) this Notice was timely filed, and (f) no exceptions to CAFA apply.

9. To be clear, PLY GEM PACIFIC WINDOWS does not concede that Plaintiffs can or will establish any liability under any of their legal theories, that Plaintiffs' putative class is susceptible of certification, or that Plaintiffs or the putative class have suffered damages. To the contrary, PLY GEM PACIFIC WINDOWS contends that class and/or representative treatment are inappropriate and that Plaintiffs and the putative class are not entitled to recover any of the amount in controversy. The analysis that follows takes Plaintiffs' allegations as true, and assumes claims will survive, merely and exclusively for purposes of establishing this Court's jurisdiction under CAFA.

**THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

10. CAFA confers original federal court jurisdiction over class actions when there is "minimal diversity" between the parties and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d). CAFA fundamentally changed the

legal standard governing diversity removal jurisdiction in order to protect defendants against perceived abuses of the class action device in state courts. To that end, Congress stated that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court," and that district courts should "err in favor of exercising jurisdiction." S. Rep. No. 109-14, at 42–43 (2005).

  a. <u>Class Action</u>. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges explicitly that Plaintiffs bring their causes of action as "a Class Action" and that it "is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382." Compl. ¶¶ 30, 37–38; *see also id.* ¶¶ 46–48. The CAFA "class action" requirement is therefore satisfied.

  b. <u>Diversity of Citizenship</u>. Plaintiffs worked for PLY GEM PACIFIC WINDOWS in California within the last 4 years as "non-exempt employee[s]." Compl. ¶¶ 34. Upon information and belief, Plaintiffs were and are citizens of California. *See, e.g., Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding that, for removal purposes, "a defendant's allegations of citizenship may be based solely on information and belief"). Furthermore, the putative class that Plaintiffs seek to represent includes "all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees." Compl. ¶ 5.

  For purposes of diversity jurisdiction, PLY GEM PACIFIC WINDOWS is considered a citizen of the state in which it is incorporated and the state where it maintains its principal place of business as of the date on which the complaint was filed. *See Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987); *see also* 28 U.S.C. § 1332(c)(1). PLY GEM PACIFIC WINDOWS was and

is a domestic corporation registered in the State of Delaware with its principal place of business in Washington State at 5001 D St NW, Auburn, WA 98001.  Anderson Decl. ¶ 2.

  Thus, at least one member of the putative class is a California citizen, while PLY GEM PACIFIC WINDOWS is a citizen of Delaware with its principal place of business in Washington.  The "minimal diversity" requirement of 28 U.S.C. § 1332(a)(2) is met.

  c. <u>Amount in Controversy</u>.  Because the Complaint does not state what amount of damages Plaintiffs seek, PLY GEM PACIFIC WINDOWS must show only that it is more likely than not that the amount in controversy exceeds $5 million.[1]  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). For the purposes of evaluating the amount in controversy, courts must take the allegations in a complaint as true.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Furthermore, a notice of removal pursuant to CAFA "'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).  A defendant is not required to prove that it faces $5 million in guaranteed liability; "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1185 (E.D. Cal. 2020) ("Defendant is only required to show that it is more likely than not that Plaintiff's maximum recovery reasonably could be over $5 million.  This burden is not

---

[1] Plaintiffs' allegations that the amount-in-controversy does not exceed $5 million does not defeat removal jurisdiction.  Compl. ¶¶ 5, 30, 40; *see Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 98182 (9th Cir. 2013) (explaining that a named plaintiff's allegations "cannot reduce the amount in controversy on behalf of absent class members" and finding that class allegations limiting amount in controversy to under $5 million did not defeat CAFA jurisdiction).

daunting as a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." (internal quotation marks omitted)).

Under CAFA, the $5 million jurisdictional minimum "shall" be based on an aggregation of the claims of all potential class members. 28 U.S.C. § 1332(d)(6). Accepting Plaintiffs' allegations as true for purposes of removal only, it is clear that more than $5 million is at stake here.

i.  *Meal Period and Rest Break Premiums*.  On behalf of themselves and other putative class members, Plaintiffs allege that, pursuant to a "corporate policy and practice" of PLY GEM PACIFIC WINDOWS, they "from time to time" were not provided "all the legally required off-duty meal breaks" to which they were entitled and were "from time to time not fully relieved of duty" during their meal periods.  Compl. ¶¶ 16, 95.  Plaintiffs seek to recover one (1) additional hour of wages at the employee's regular rate of pay for each of these alleged violations pursuant to the applicable Industrial Wage Order and California Labor Code sections 226.7(b) and 512(a).  *Id*. ¶ 96.

Likewise, on behalf of themselves and all putative class members, Plaintiffs allege that PLY GEM PACIFIC WINDOWS had a "practice and policy" of failing to provide legally required breaks, which required them "from time to time" to "work in excess of four (4) hours without being provided ten (10) minute rest periods." *Id.* ¶¶ 36(c), 54, 99.  Plaintiffs further allege that putative class members were "from time to time" or "periodically" denied their first rest periods in shifts between two and four hours in length, their first and second rest periods in shifts between six and eight hours in length, and first, second, and third rest periods in shifts of ten or more hours in length.  *Id.* ¶ 99.  Plaintiffs seek to recover "one additional hour of compensation at each employee's regular rate of pay for each work day that [sic] rest period was not provided" pursuant to California Labor Code section 226.7.  *Id.* ¶ 100.

PLY GEM PACIFIC WINDOWS had a total of at least 1,075 current and former employees in California, including Plaintiffs, who worked a cumulative total of at least 62,753 pay periods during the alleged class period. Anderson Decl. ¶ 5. PLY GEM PACIFIC WINDOWS paid its employees on a weekly basis during the alleged class period, and the putative class members generally worked five days or more per week and six hours or more per day. *Id*. ¶ 6. The employees were paid at hourly wage rates ranging from $11.50 to $32.20 per hour throughout the class period. *Id*. ¶ 5. The weighted average wage rate (calculated by multiplying each employee's most recent wage rate by the number of pay periods that employee worked during the relevant period, and dividing the total by the total number of pay periods) is $17.62. *Id*.

Conservatively assuming that (i) each pay period consisted of a week during which each employee worked no more than five days, and (ii) each putative class member suffered only one meal break and one rest period violation per week (i.e., a 20% violation rate), the amount placed in controversy by Plaintiffs' and the putative class members' meal and rest period claims is at least $2,211,421. *See Cabrera v. South Valley Almond Co.*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *6 (E.D. Cal. Dec. 16, 2021) (finding 20% violation rate reasonable where complaint alleged meal and rest break "violations occurred 'at times'"); *Cavada v. Inter-Continental Hotels Grp., Inc.*, No. 19cv1675-GPC(BLM), 2019 WL 5677846, at *7 (S.D. Cal. Nov. 1, 2019) (finding assumed violation rate of one missed meal break and one missed rest period per week was "a conservative violation rate" based on allegations of a policy or practice of meal and rest break violations that occurred "from time to time" or "periodically").

ii.   *Unpaid Wages.*  Plaintiffs allege that PLY GEM PACIFIC WINDOWS "implement[ed] a policy and practice" pursuant to which it "required" them and the other putative class members "to work without paying them for all the time they were under DEFENDANT's control," including requiring them to work while

1  clocked out for their meal breaks, to work off the clock while undergoing mandatory
2  drug testing, waiting in line for COVID-19 screening protocols while off the clock,
3  and improperly rounding time.  Compl. ¶ 9; *see also id.* ¶¶ 64–93.  Plaintiffs also
4  claim that PLY GEM PACIFIC WINDOWS failed to pay Plaintiffs and all putative
5  class members at the correct rates of pay for overtime hours worked, meal and rest
6  premiums, and sick pay.  *Id.* ¶¶ 10–14.  Plaintiffs allege that these were "willful and
7  intentional violations."  *Id.* ¶¶ 65, 79.

8  The workweeks of the at least 1,075 employees in the putative class generally
9  consisted of five or more working days, and employees generally worked shifts
10 lasting longer than six hours.  Anderson Decl. ¶ 6.  Based on the allegations in the
11 Complaint that employees were required to work while off the clock during their
12 meal periods, as well as before and after the scheduled shift time, or were otherwise
13 not paid for time they worked, PLY GEM PACIFIC WINDOWS conservatively
14 estimates that Plaintiffs allege that each of the 1,075 employees in the putative class
15 worked 30 minutes of unpaid time per shift and had one minimum wage violation in
16 approximately half of their pay periods.[2]  Applying the weighted average hourly rate
17 across 62,753 pay periods, assuming only five-day workweeks, and reducing the
18 total by 10% to account for holidays and other time off, the amount placed in
19 controversy by Plaintiffs' claims and the claims of the putative class members is
20 $4,975,049 in unpaid wages and liquidated damages and $7,682,893 in minimum
21 wage violation penalties, for a total of $12,657,942 in controversy.  *See, e.g.,*
22 *Cavada*, 2019 WL 5677846, at *5 (finding assumption of one hour of off-the-clock

---

[2] Plaintiffs further allege that PLY GEM PACIFIC WINDOWS failed to pay Plaintiffs and the other putative class members "all wages due for overtime worked." Compl. ¶ 45(a).  Because the amount in controversy well exceeds $5 million without differentiating between allegedly unpaid straight time (non-overtime) wages and those for which the putative class members were purportedly due overtime, PLY GEM PACIFIC WINDOWS does not differentiate those claims here.  However, PLY GEM PACIFIC WINDOWS reserves the right, if necessary, to demonstrate that Plaintiffs' broad overtime claim adds to the amount in controversy.

work per week and two hours of unpaid overtime reasonable based on allegations of a "uniform pattern of unlawful wage and hour practices"); *see also Cabrera*, 2021 WL 5937585, at *8 (finding assumptions of one hour of unpaid overtime and one hour of unpaid minimum wages per week reasonable based on allegations that violations occurred "at times" and "on occasion" due to the defendants' policies and practices).

iii.   *Wage Statement Penalties*.  Plaintiffs' putative class includes at least 498 members of the putative class who received a wage statement from PLY GEM PACIFIC WINDOWS in the year preceding the Complaint.  Compl. ¶ 45(c); Anderson Decl. ¶ 8.  The Complaint alleges PLY GEM PACIFIC WINDOWS "[f]rom time to time" failed to issue accurate, itemized wages statements to class members, and is subject to penalties under California Labor Code section 226.  Compl. ¶¶ 106‑09.  Section 226 assigns penalties of $50 for the first pay period violation and $100 for subsequent pay period violations, capping the total penalty at $4,000 per employee.  Cal. Lab. Code § 226(e)(1).  During the relevant time period (October 13, 2020 to the present), PLY GEM PACIFIC WINDOWS employed at least 498 employees who meet the class definition and worked at least one pay period within the pertinent period.  Anderson Decl. ¶ 8.  In total, these claims place at least $1,026,400 in controversy.  *Id.*; *see also Nunes v. Home Depot U.S.A., Inc.*, No. 2:19-cv-01207-JAM-DB, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019) (finding maximum wage statement violation rate reasonable where plaintiffs alleged violations that "'from time to time' resulted in inaccurate wage statements").

iv.   *Waiting Time Penalties*.  Plaintiffs' class includes the at least 615 members of the putative class whose employment with PLY GEM PACIFIC WINDOWS was terminated in the three years prior to the filing of the Complaint.  Anderson Decl. ¶ 7; *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401–02 (2010).  Plaintiffs assert claims on behalf of the putative class for failure to timely pay wages due at termination in violation of California Labor Code sections 201 and 202.

Compl. ¶¶ 110–18.  Under Labor Code section 203, the penalty for failure to comply with Labor Code sections 201 or 202 is equivalent to a continuation of each employee's wages for up to 30 days after termination during which time the employer fails to comply with sections 201 or 202.  PLY GEM PACIFIC WINDOWS provides terminated employees with a final paycheck within 72 hours of termination and does not provide any additional wages following that final paycheck.  Anderson Decl. ¶ 9.  Because Plaintiffs claim that they and the other putative class members were entitled to additional wages beyond those provided as part of their final paycheck, and no such payment of additional wages have been made, it is reasonable to assume that each putative class member will seek to recover the maximum 30-day penalty pursuant to Labor Code section 203.  *See, e.g.*, *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1218 (N.D. Cal. 2019) ("De Vega's theory, however, plainly is that putative class members were owed (and are still owed) pay for overtime and missed meal and rest breaks, even if their final paychecks were otherwise timely delivered.  Thus, it is completely reasonable to assume waiting time penalties accrued to the thirty-day limit because of those unpaid sums . . . .").

Applying eight hours of wages at the terminated employees' most recent wage rate for a period of thirty days produces amounts in controversy for each of the at least 615 putative class members between $2,880 and $7,728.  Anderson Decl. ¶ 7.  Adding together the individual claims of these 615 putative class members' results in a total amount in controversy for this claim of $2,263,701.  *Id.*

v.    *Unreimbursed Expenses*.  Plaintiffs allege that PLY GEM PACIFIC WINDOWS violated California Labor Code section 2802 by failing to reimburse Plaintiffs and the other putative class members "for required expenses incurred in the discharge of their job duties."  Compl. ¶ 104.  Specifically, Plaintiffs contend that PLY GEM PACIFIC WINDOW's "policy, practice and procedure was to not reimburse" Plaintiffs and the other putative class members for "expenses resulting

from using their personal cellular phones . . . within the course and scope of their employment." *Id.* Though Plaintiffs do not allege the amount of reimbursement to which they are entitled, even assuming that Plaintiffs seek a conservative estimate of $10 per workweek in unreimbursed expenses, this claim places another $627,531 in controversy.[3] *See Anderson v. Starbucks Corp.*, No. 3:20-cv-01178-JD, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020) (finding $50 per month reasonable for amount in controversy arising from allegedly unreimbursed cell phone expenses).

vi.   *Attorneys' Fees*.   Plaintiffs are seeking attorneys' fees pursuant to statute. In determining the amount in controversy under CAFA, courts look at the aggregate amount in controversy, including attorneys' fees. *See Arias*, 936 F.3d at 922. Here, the amount in controversy well exceeds the requisite amount even before considering such fees, but PLY GEM PACIFIC WINDOWS reserves the right to assert such fees as part of the amount in controversy if needed.[4]

vii.   In total, and exclusive of attorneys' fees, the amount in controversy is at least **$18,786,995**:

---

[3] Plaintiffs also claim that PLY GEM PACIFIC WINDOWS violated California Labor Code section 212 by paying terminated employees via a pay card that did not permit employees to access their wages without a charge. *See* Compl. ¶¶ 119–21. Plaintiffs do not allege the amount of damages suffered by the putative class members arising from this claim. Because the amount in controversy easily exceeds $5 million without considering this claim, it is not accounted for here. PLY GEM PACIFIC WINDOWS reserves the right, if necessary, to demonstrate that Plaintiffs' section 212 claim adds to the amount in controversy.

[4] Plaintiffs also seek accrued interest and injunctive relief. *See* Compl., Prayer for Relief ¶¶ 1–2. Although the amount placed in controversy by these requests is not calculated herein because the amount in controversy well exceeds $5 million excluding such claims, PLY GEM PACIFIC WINDOWS reserves the right to show that these claims further increase the amount in controversy.

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Meal and Rest Breaks | $ 2,211,421 |
| Unpaid Wages and Liquidated Damages | $ 4,975,049 |
| Minimum Wages | $ 7,682,893 |
| Wage Statements | $ 1,026,400 |
| WTP | $ 2,263,701 |
| Expenses | $    627,531 |
| **Total** | **$   18,786,995** |

d. <u>Number of Proposed Class Members</u>. As described above, PLY GEM PACIFIC WINDOWS has identified a total of at least 1,075 employees who qualify for the putative class Plaintiffs seek to certify. Anderson Decl. ¶ 5. This satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class include at least 100 persons.

e. <u>Timeliness</u>. PLY GEM PACIFIC WINDOWS was served with the Complaint on December 6, 2021. *See* Ex. A, at 1. The date thirty days from service of the Complaint is January 5, 2022. As this Notice is being filed on January 5, 2022, it is timely under 28 U.S.C. 1446(b). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding 30-day period for removal under 28 U.S.C. § 1446(b) does not begin to run until service is effected).

f. <u>CAFA's Exceptions Do Not Apply</u>. Plaintiffs cannot meet their burden to establish that any jurisdictional exception under CAFA applies.[5] As established in Section (b) above, PLY GEM PACIFIC WINDOWS is a citizen of Delaware and Washington and therefore no defendant is a "citizen of the State in which the action was originally filed," as required for each exception to CAFA removal under 28 U.S.C. § 1332(d)(3) and (4). Nor does this action involve a claim (1) concerning a

---

[5] The party opposing removal to federal court "bears the burden of proving the applicability of any express statutory exception" under CAFA. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008), *citing Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023–24 (9th Cir. 2007).

covered security, (2) relating to the internal affairs or governance of a corporation or business enterprise that arises under or by virtue of the laws of the State in which the corporation or business enterprise is incorporated or organized (the so-called "Delaware carve-out"), or (3) concerning the rights, duties, and obligations relating to any security.

## OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

11. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of California embraces the County of Sacramento, where Plaintiffs originally filed this action.

12. PLY GEM PACIFIC WINDOWS has complied with 28 U.S.C. § 1446(a) and (d). Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, or orders served on PLY GEM PACIFIC WINDOWS are attached as Exhibit A to this Notice. In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of Sacramento, Case No. 34-2021-00309657-CU-OE-GDS. In addition, a Notice of Filing of Removal, with a copy of the Notice of Removal attached, is being served on Plaintiffs' counsel. A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court will also be filed with this Court.

13. All parties properly named in the Complaint consent to this removal. Plaintiffs have named as Defendants only PLY GEM PACIFIC WINDOWS and "Does 1 through 100." PLY GEM PACIFIC WINDOWS is unaware of any Doe Defendant that has been served with the Complaint, and Plaintiffs have filed no proof of service regarding any Doe Defendant as of the date of this filing. Accordingly, no Doe Defendant's consent is necessary for removal. 28 U.S.C. §§ 1441(b)(1), 1446(b)(2)(A).

14.     Defendants are represented by the undersigned counsel who certify, under Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

**CONCLUSION**

Because this litigation involves a putative class action of over 100 class members in which the amount in controversy exceeds, in the aggregate, the sum of $5 million, and because at least one member of the class is a citizen of a state different from PLY GEM PACIFIC WINDOWS, this Court has original jurisdiction under 28 U.S.C. § 1332(d).  PLY GEM PACIFIC WINDOWS therefore respectfully requests that Plaintiffs' state court action be removed to this Court for determination and that all further proceedings in the state court suit be stayed.  By this Notice, Defendant does not waive any objections it may have to improper service, jurisdiction, or venue, or any other defenses or objections it may possess.

DATED:  January 5, 2022			MUNGER, TOLLES & OLSON LLP

By: _____/ s / *David W. Moreshead*_____
DAVID W. MORESHEAD
Attorneys for Defendant PLY GEM PACIFIC WINDOWS CORPORATION