|  |  |
|---|---|
| CLAUDIA RAMIREZ, et al., | No. 2:21-cv-01017-MCE-JDP (consolidated case) |
| Plaintiffs, | |
| v. | **ORDER** |
| CORNERSTONE BUILDING BRANDS, an unknown business entity; PLY GEM WINDOWS, an unknown business entity, et al., | |
| Defendants. | |
| NATHANIEL WILLIAMS, et al., | No. 2:22-cv-00038-MCE-JDP |
| Plaintiffs, | |
| v. | |
| PLY GEM PACIFIC WINDOWS CORPORATION, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Both above-captioned wage and hour lawsuits allege that Defendants followed certain policies and practices that violated California labor law. In addition, both matters seek to certify a class of plaintiffs, consisting of Defendants' current and former employees, to pursue these claims. By Stipulation presented to the Court on April 13, 2021 (ECF No. 20), the parties agreed to consolidate both actions, agreeing that similar

claims were presented, that the employer at issue was the same (Defendant Ply Gem Pacific Windows), and that Ply Gem would assert the same defenses in both proceedings.  By Order dated April 20, 2022, the Court approved consolidation for all purposes, designated the earlier-filed Ramirez lawsuit as the master file, and administratively closed the later-commenced Williams action.  ECF No. 21.

Presently before the Court for adjudication is a Motion to Remand (ECF No. 13) filed in the Williams matter prior to consolidation.  Significantly, a similar Motion to Remand has already been denied in Ramirez, and the Court finds its determination there to be equally applicable to the instant motion.

As indicated above, the parties themselves concede that the two cases are nearly identical.  Substantially the same causes of action are alleged, and both remand requests turn upon arguments that the evidence submitted on behalf of Defendant Ply Gem is insufficient to satisfy the $5,000,000 amount in controversy required by the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1332(d) ("CAFA").  CAFA is the sole basis for this Court's jurisdiction in both cases.

Review of the Williams Motion to Remand indicates that the arguments advanced therein are largely the same as those already rejected in Ramirez.  Moreover, in opposing both motions, Ply Gem offers nearly identical evidence in the form of original and supplemental declarations from Shannon Anderson, Ply Gem's West Coast Human Resources, that attach spreadsheets supporting the conclusion that well over $5,000,000 is potentially in controversy in both cases.  Most importantly, the rationale of Order denying remand in Ramirez (ECF No. 19) applies equally to Williams.

Examination of the allegations made in both complaints shows that a pattern or practice of wage loss violations are asserted.  See Ramirez Compl., ECF No. 1-2, ¶ 41; Williams Compl., ECF No. 1-1, ¶¶ 6, 15. 42.  The fact that the Williams Complaint also indicates that the violations occurred "from time to time" or "often" does not detract from its repeated references to "company-wide policies and procedures" that violated

///

California labor laws.  In the face of such allegations, Ply Gem's amount in controversy calculations based on a twenty percent violation rate are reasonable.

Plaintiffs' Motion to Remand, filed in the Williams lawsuit (ECF No 13), is accordingly DENIED.[1]

IT IS SO ORDERED.

Dated:  May 12, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be of material assistance, the Court order the matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

3